# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANDREW WOLSKI and DEBORAH WOLSKI,**

        **Plaintiffs,**

**v.**                                         **Case No:   6:13-cv-1623-Orl-31TBS**

**ORANGE COUNTY SCHOOL BOARD, ATHENA ADAMS, CHRISTOPHER SMART, MURRAY SAWYER and SHIRLEY COWANS,**

        **Defendants.**

## ORDER

This matter is before the Court on the Defendants' motions to dismiss the Second Amended Complaint and the Plaintiffs' responses thereto.[1]

### I.   Background

This case arose out of disciplinary proceedings against the Plaintiffs' son, J.W., that were initiated due to an incident he was involved in at Bridgewater Middle School in Orange County, Florida. Allegedly, the Orange County School Board ("School Board") and named Defendants

---

[1] The motions and respective responses are: Orange County School Board's Motion to Dismiss (Doc. 102) and Plaintiffs' Response to Orange County School Board's Motion (Doc. 112); Shirley Cowans' Motion to Dismiss (Doc. 103) and Plaintiffs' Response to Cowans (Doc. 114); Murray Sawyer's Motion to Dismiss (Doc. 104) and the Plaintiffs' Response to Sawyer (Doc. 115); Christopher Smart's Motion to Dismiss (Doc. 105) and the Plaintiffs' Response to Smart (Doc. 116); and Athena Adams' Motion to Dismiss (Doc. 106) and the Plaintiffs' Response to Adams (Doc. 113). The motions to dismiss by the individual parties rely on the same law and present the same substantive arguments for the applicable counts against each individual—motions like these are commonly referred to as "me too motions"—accordingly, the Court will analyze the legal matters for those motions cumulatively.

mishandled a disciplinary inquiry into a report that J.W. inappropriately touched a female student at his school, M.R. The factual allegations are traced in the Court's previous order dismissing claims from the Amended Complaint and will not be restated here. (*See* Doc. 93).

Previously, Plaintiffs asserted § 1983[2] claims against the School Board as well as the individual defendants. Plaintiff also asserted intentional infliction of emotional distress claims against the individual Defendants.[3] The Court dismissed the § 1983 claims asserted against the individuals with prejudice, while the remaining claims were dismissed with leave to amend. In the Second Amended Complaint, the Plaintiff reasserts the § 1983 claim against the School Board and the intentional infliction of emotional distress claims against the individual defendants.

**II.  Standard**

    **a.  Motion to Dismiss**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

---

[2] 42 U.S.C. § 1983, *et seq*.

[3] The Amended Complaint included counts against individual defendants Reginald Forbes, D. Norvelle Roland, M.R., and her parents. The claims against those Defendants have not been reasserted in the Second Amended Complaint.

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

**III.   Analysis**

    **a.  Cross-Examination**

The right to cross-examine a witness in a school discipline context exists in only the most serious of cases and where the disciplinary determination turns on credibility. *Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 641 (6th Cir. 2005) (noting that cross-examination is crucial in cases that turn on credibility). This matter presents a serious case, wherein there is an allegation that J.W. had nonconsensual sexual contact with a fellow student—few allegations have the staying power of those asserted against J.W. and he was facing possible expulsion. Here the accused and accuser's accounts[4] are what the disciplinary matter turned on. Accordingly, cross-examination may have

---

[4] J.W.'s written account, which appears to indicate he admitted to improper contact, was allegedly tainted by school officials who required him to rewrite it utilizing incriminating terminology. (Doc. 101 ¶¶ 65, 71). Accordingly, when read in the light most favorable to the Plaintiffs, that account may be of questionable value.

been required to preserve basic fairness. *See Nash v. Auburn Univ.*, 812 F.2d 655, 664 (11th Cir. 1987) (implying that cross-examination is required in school discipline context if its absence disrupts basic fairness). While school disciplinary hearings differ from criminal trials, the concerns regarding cross-examination are analogous. In the criminal context, cross-examination of an accuser has been recognized as an essential safeguard to a fair trial. *Alford v. United States*, 282 U.S. 687, 692 (1931) (noting that cross-examination is recognized as one of the essential safeguards to a fair trial in the criminal context).

While the Amended Complaint failed to allege an official policy as to the OCSB regarding cross-examination, the Second Amended Complaint has cured this defect, to wit, it alleges that hearing administrator D. Norvelle Roland stated the policy of the OCSB for hearings was to not permit cross-examination. (Doc. 101 ¶¶ 107-16); (*see also* Doc. 102 at 11-35 (transcript of J.W.'s hearing before Roland)). Accordingly, the § 1983 claim against OCSB shall stand.

### b. Intentional Infliction of Emotional Distress

The Plaintiffs have reasserted a claim for intentional infliction of emotional distress ("IIED") against Defendants Adams, Smart, Sawyer, and Cowans[5] (the "IIED Defendants") on behalf of J.W. Florida sets out a very high threshold to properly assert a claim for IIED, even false accusations are insufficient. *Williams v. Worldwide Flight SVCS., Inc.*, 877 So. 2d 869, 870 (Fla. Dist. Ct. App. 2004) (noting that "[l]iability, however, does not extend to mere insults, indignities, threats, or false accusations" in case where Plaintiff complained of falsifying workplace discipline infractions based on racial animus). The Plaintiffs have again failed to meet the high threshold of an IIED claim as to any of the individual Defendants. Accordingly, the claims are due to be dismissed with prejudice.

It is, therefore,

---

[5] The IIED claims are contained in Counts II-V. (Doc. 101).

**ORDERED**, that the Motions to Dismiss as to the individual Defendants (Docs. 103, 104, 105, and 106) are **GRANTED** and Counts II-IV are **DISMISSED WITH PREJUDICE.** The Motion to Dismiss as to OCSB (Doc. 102) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 14, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party